UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

v.

JAMERE MAISONET,

                              *Defendant.*
_____

**NOTICE OF OMNIBUS MOTION**

23-CR-112

 

 

The defendant JAMERE MAISONET, by and through his attorney JUDITH M. KUBINIEC, Esq., hereby moves this Court for the following relief:

I.     Motion for Discovery Pursuant to Rule 16 and Notice of Intention Pursuant to Rule 12.

II.     Motion to Compel Production of *Brady* Material.

III.     Motion for Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence.

IV.     Motion for Preservation of Rough Notes and Other Evidence.

V.     Motions for Suppression Hearings.

VI.     Motion for Leave to Make Further Motions and to Supplement These Motions.

DATED:  Buffalo, New York
              February 20, 2024

Respectfully submitted,

*/s/Judith M. Kubiniec*
JUDITH M. KUBINIEC, ESQ.
402 Amherst Street
Buffalo, New York  14207
(716) 873-9161
 judithkubiniec@gmail.com

Counsel for Defendant
Jamere Maisonet

TO:    Pierre Richard, Esq.
       ASSISTANT UNITED STATES ATTORNEY
       138 Delaware Avenue
       Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
VINCENT SMITH _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **DECLARATION IN SUPPORT OF NOTICE OF OMNIBUS MOTION** |
| v. | |
| JAMERE MAISONET, | 23-CR-112 |
| *Defendant*. | |

_____

JUDITH M. KUBINIEC, ESQ., hereby declares as follows:

1.      I am an attorney duly licensed to practice in the State of New York and before this Court and I represent the defendant Jamere Maisonet herein.

2.      This Indictment contains four counts: possession of a machine gun in violation of 18 USC 922(o)(1) and 924(a)(2), possession of an unregistered machine gun in violation of 26 USC 5841, 5845(a)(6), 5845(b), 5861(d) and 5871, possession with intent to distribute cocaine in violation of 21 USC 841(a)(1) and 841(b)(1)(C) and maintaining a drug-involved premises in violation of 21 USC 856(a)(1).

3.      Mr. Maisonet pled not guilty and was released under pretrial supervision of the US Probation Department.

## I

## MOTION FOR DISCOVERY PURSUANT TO RULE 16 AND NOTICE OF INTENTION PURSUANT TO RULE 12

4.      Even though the government has provided much in voluntary discovery, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)(B)(C) & (D), the defendant now moves to compel discovery of any items or information to which the defendant is entitled. *Specifically*, this

request includes, but is not limited to, the following:

a.    copies of any and all records, including reports and/or logs, relating to the instant case which are in any way relevant to the government's case;

b.    copies of all records, including reports and/or logs, regarding radio transmissions from the officers at any search warrant or arrest warrant regarding the investigation;

c.    copies of any reports and/or test results relating to determination of any issue in this case;

e.    copies of any and all photographs taken relating to this investigation;

f.    copies of any and all documents and photographs seized on the day of any searches in this case.  If seized, state what documents were seized and specifically where they were seized from.  (That is what room, what box, what file cabinet etc.);

g.    inspection of all items seized from the defendant on the day of his arrest;

h.    disclosure of the names and identities of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports, and the results of tests, examinations or experiments which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at the trial;

i.    a copy of any search warrant or arrest warrant applied for and/or issued or denied during the course of this investigation (whether state, federal or local) or any seizure warrant including applications or affidavits in support; and

j.    pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, the defendant requests written notification of any evidence that the government intends to use in its case-in-chief that may, in any way, be subject to a motion to suppress and which the defendant is entitled to discover pursuant to Rule 16.

5.    Pursuant to Rule 16, Mr. Maisonet requests that the government provide him with discovery as provided by that Rule, to the extent that they have not already done so.

2

6.      Rule 12(b) establishes a procedure for notifying a defendant of the government's intention to use certain evidence at trial.  The express purpose of this procedure is to afford an opportunity for submission of pre-trial motions seeking the suppression of such evidence [Rule 12(b)(1) and (2)].  Specifically, Rule 12(b)(4)(B) provides that at the defendant's request, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), he may request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

7.      Therefore, pursuant to Rule 12(b), request is hereby made for the immediate disclosure by the government of a notice setting forth any evidence which the defendant may be entitled to discover under Rule 16 which the government intends to utilize at trial, including, but not limited to:

**<u>Statements of Defendant</u>**

8.      Mr. Maisonet hereby requests notification of any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged.  The government must also disclose to the defendant the substance of any other relevant oral statement made by the

3

defendants whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

A)    All oral written or recorded statements or testimony in the government's possession made by the defendant, and all reports related to the circumstances of such statements.

B)    A copy or inspection of any books, papers, documents or photographs or tangible objects obtained from or belonging to the defendant or which will be used by government's case-in-chief or are otherwise material to the preparation of the defendant's defense, and any and all reports related to the circumstance under which books, papers, documents, etc., came into the possession of the government.

C)    Any photograph or drawing related to the actual proceeding herein made or completed by a public servant engaged in law enforcement activities or which was made by a person whom the prosecution intends to call as a witness at trial or which the prosecution intends to produce at trial including but not limited to motion pictures, video tapes, drawings, sketches, diagrams, charts or other graphic representations of scenes or places or tangible objects relative to this case.

D)    A copy of all search and/or arrest warrants issued by any court in connection with this case; included in this request is a specific request for:

1)    The application for search and/or arrest warrant and any supporting document or material referred to therein; and

2)    Any and all reports completed by any member of any law enforcement agency before, during and after the search warrant was executed.

3)    The date and time that any search warrant was executed against the person or property or any other person in connection with this case.

4)    An inventory of all materials seized from any person or property, including residences and automobiles of the defendant or any other person in connection with this case pursuant to search warrant or otherwise and state with particularity the exact description of the documents and where they were seized from; and

5)     Any other property obtained from the defendant or any other person in connection with this case, and the circumstances under which it was obtained;

6)     Any tapes or electronic recordings which the prosecution intends to introduce at trial, irrespective of whether such recording was made during the course of the alleged criminal transaction; and

7)     The date, time and place of every occasion which any surveillance, mail cover search and/or seizure, whether electronic, photographic, mechanical, visual, oral, or of any other type, was made of defendant, together with all documents, photographs, recordings or other materials resulting from or relating to such occasions, included in this request is a specific request for all tapes made pursuant to any eavesdropping, including any wiretapping, warrant or extension of renewal thereof.

8)     Any video tapes, audio tapes or other electronic recordings of defendant.

9)     If photographs, sound recordings or video recordings were taken of defendant or agent, servant or employee of defendant, provide the following:

    a)     The name of the person that took the photographs or records;

    b)     The time the photographs or recordings were taken;

    c)     The location in which they were taken;

    d)     The circumstance under which they were taken;

    e)     The technical experience of the persons who took the photographs or recordings;

    f)     Whether defendant was read *Miranda* rights or any other rights prior to the taking of the photographs or recordings, and

5

g)      Whether defendant was given any opportunity to refuse to have any photographs taken or to be subject to sound or video recordings.

E)      Disclosure of the names and identity of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports; and any reports of tests, examinations (included but not limited to any mental examination) or experiments which are material to the preparation of defendant's defense or which are intended for use by the government at trial.

F)      A written summary of expert testimony the government intends to use during its case in chief pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.

G)      Disclosure of any and all prior similar acts, if any, or convictions of a similar nature to the charges in this case, if any, which the government will seek to rely upon or introduce as evidence at the hearing or trial in this case for any purpose including proof of knowledge or intent on the part of the defendant in this case in the investigative reports and witnesses concerning such acts.

H)      Any and all specific instances of other crimes, wrongs or acts which the prosecution plans to use at trial for any reason pursuant to Federal Rules of Evidence 404(b).

## Defendant's Prior Record

9.      Mr. Maisonet hereby requests a copy of his prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

## Documents and Tangible Objects

10.     Mr. Maisonet requests the following: (1) any tangible items within the government's possession, custody and/or control which the prosecutor intends to use as evidence in chief; (b) any tangible items within the government's possession, custody and/or control which

6

was obtained from the defendant or which belong to the defendant; (c) any tangible items within the government's possession, custody and/or control which is material to the preparation of the defendant's defense; and (d) any and all recordings of any conversations which pertain to any of the facts alleged in the instant Indictment.

## Search and Seizure

11.     In order to preserve his rights, to the extent not yet provided, Mr. Maisonet hereby seeks notification of whether any evidence to be offered at trial consists of or was derived from the "fruits" of any search and/or seizure authorized by virtue of a judicial and/or administrative search warrant.

12.     In the event that any such evidence consists of or was derived from the "fruits" of any judicial and/or administrative search warrant as referred to above, request is made for:

(a)     a copy of each such search warrant;

(b)     a copy of each written search warrant application together with any supporting affidavit(s);

(c)     a copy of each voice recording, stenographic transcript and/or longhand record with respect to any oral search warrant application;

(d)     a copy of any search warrant inventory return;

(e)     the exact time and date when the United States government entered into the investigation of the defendant or any co-defendant relative to the instant matter; and

(f)     whether the United States Government, including any police officials or United States prosecutors, had any involvement in the instant case, including communication or correspondence with Canadian officials at the time any search warrants were issued.

13.     In the event that any evidence was acquired in the fashion(s) referred to above, request is made for any item consisting of, derived from and/or purporting to memorialize the "fruit" of any search and/or seizure.

## **Identification**

14.     Mr. Maisonet requests notification of whether any evidence to be offered at trial relates to or is derived from an identification of defendant Maisonet's person, voice, handwriting, his picture and/or a composite sketch purporting to embody his facial features.

15.     In the event that any such evidence will be offered at trial, a statement is requested setting forth the following:

> (a)     the exact date, time and place where the identification proceeding occurred; and
>
> (b)     the substances of the identification proceeding to include the names of all persons present thereat.

16.     If any such evidence to be offered at trial relates to non-corporeal identification proceedings, request is made for access to any and all pictures, sketches, voice exemplars, and/or handwriting specimens utilized during the course of any such identification proceeding.

## **Reports of Examinations and Tests**

17.     Mr. Maisonet respectfully requests disclosure of any and all results of any physical, mental and/or scientific examinations, tests and/or experiments within the prosecution's possession,

custody and/or control which are either intended by the prosecution to be used as evidence in chief or which are material to the defense preparation and have not been previously provided.

### *Jencks* Material

18.     Mr. Maisonet respectfully requests disclosure of *Jencks* material (18 U.S.C. 3500) at least 30 days in advance of trial so as to permit its meaningful use by the defense.

19.     It is respectfully requested that the defense motion for discovery and inspection pursuant to Rule 16, and notice of intention be granted.

## II

## MOTION TO COMPEL PRODUCTION OF *BRADY* MATERIAL

20.     Pursuant to the prosecution's obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392 (1976), *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1985) and *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555 (1995), Mr. Maisonet hereby moves the Court for the immediate disclosure of all exculpatory and/or impeaching material in the prosecution's possession, custody or control or which is otherwise known to the prosecution, including, but not limited to, the following:

(a)     Any and all information and/or material which tends to exonerate Mr. Maisonet or which tends to show that he did not knowingly commit any offenses alleged in the indictment.

(b)     Any and all evidence which tends to impeach the credibility of any prospective government witness (including co-defendants), including, but not limited to:

(1)     Any and all records or information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but

9

not limited to, relevant "rap sheets" of each witness the prosecutor intends to call at trial;

(2)     Any and all records and information revealing prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness, including co-defendants, the prosecutor intends to call at trial;

(3)     Any and all allegations of prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness, including co-defendants, the prosecutor intends to call at trial of which the prosecutor knows or through the exercise of reasonable diligence should have reason to know;

(4)     Any and all consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on behalf of any witness, including co-defendants, or on behalf of a relative of any such witness or co-defendant, the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness, or relative of any witness, at any future time.  Such "consideration" refers to anything which arguably could be of value or use to a witness, or relative of the witness, including but not limited to:  formal or informal, direct or indirect, leniency; favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, regulatory, disciplinary or other matter involving the state or federal government or agency thereof, any association, (including legal association), any other authority, or other parties; civil, criminal or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services, alcohol or drug related rehabilitation services or other benefits; placement in a "witness protection" program; informer status of the witness; letters to anyone informing the recipient of the witness' or the relative's cooperation; recommendations concerning licensing, certification or registration; recommendations concerning federal aid or benefits; promises to take affirmative action to help the status of the witness or co-defendant, or relative of the witness or co-defendant, in a profession, business or employment or promises not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of a witness,

10

or a relative of the witness; and anything else which arguably could reveal any interest, motive or bias of the witness in favor of the prosecution or against any defendant or which could act as an inducement to testify or to color his testimony;

(5)     With respect to each witness and/or co-defendant the government intends to call at trial, or any member of the immediate family of any such witness, copies of all indictments, complaints or informations brought against such person by the federal, or any state or local government, all administrative, disciplinary, regulatory, licensing, tax, customs, or immigration proceedings brought by the federal, or any state or local government, or by any regulatory body or association, and, state what counts or actions have been the subject of guilty pleas, convictions, consent decrees, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.   If the government does not have copies of all indictments, complaints, or proceedings, state the dates and places of arrests, hearings, indictments, and information, the charges brought, and the disposition of those charges or matters so far as it is known to the government;

(6)     With respect to each witness and/or co-defendant the government intends to call at trial, or any member of the immediate family of any such witness, a written summary of all charges or proceedings which could be brought by the federal, or any state or local government, but which have not or will not or which the witness believes have not or will not be brought because the witness is cooperating with or has cooperated with the government, or for any reason.  Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise;

(7)     Any material not otherwise listed which reflects or evidences the motivation of any witness and/or co-defendant either to cooperate with the government or any bias or hostility against any defendant; the existence and identification of each occasion on which a witness has testified before any court, grand jury, administrative, regulatory, disciplinary body or other association, or otherwise officially narrated herewith, in the investigation, the indictment or the facts of this case, and any testimony, statements or documents given by the witness regarding same;

11

(8)     Copies of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness and/or co-defendant the prosecutor intends to call at trial which may arguably affect the witness' credibility or his ability to perceive, relate or recall events;

(9)     All documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the government intends to call as a witness at trial, including but not limited to records relating to treatment of such individual in any federal, state, city or military drug or detoxification program;

(10)     Any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness and/or co-defendant which in any way contradicts or is inconsistent with or different from other oral or written statements he has made;

(11)     Any requests prepared by the prosecution for permission to grant formal or informal immunity or leniency for any witness and/or co-defendant, whether or not such request was granted;

(12)     The same records and information requested in items "(1)" through "(11)" with respect to each non-witness declaring whose statements will be offered in evidence at trial pursuant to Fed. R. Evid. 806;

(13)     Copies of any and all records of law enforcement agencies reflecting intradepartmental disciplinary action taken against any law enforcement official or agent who will testify at trial;

(14)     Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards or recognition or any kind, or requests for any commendations, awards or recognition of any kind made to or by any government agent or law enforcement officer for any work, action or conduct in connection with the investigation and prosecution of this case.

(c)     The name and address and written or oral statements made by any person, including co-defendants, with knowledge and information concerning the events charged in the indictment and whose version of the same events is contrary to, or non-supportive of, the accusations set forth in the indictment.

12

(d)     The name and address and any written or oral statement made by any persons and/or co-defendants the government reasonably believes has information helpful to the preparation of the defense.

(e)     The name and address and any written or oral statement made by any witnesses or co-defendants to the offense charged in the indictment whom the government does not intend to call as witnesses in this case.

21.     Due process, as the constitutional phrase has been interpreted, requires that the government not suppress evidence favorable to a defendant or discrediting to its own case, and, upon request, that it disclose to the defense all such information.  *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392 (1976); *Pyle v. State of Kansas*, 317 U.S. 213, 63 S.Ct. 177 (1942).  The requirement of disclosure extends to candor by the government witnesses as well as matters which relate more directly to guilt or innocence.  *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972); *Napue v. People of the State of Illinois*, 360 U.S. 264, 79 S.Ct. 1173 (1959).  *See also, Pethrods v. Dutton*, 400 F.2d 797 (5th Cir. 1968), *cert. denied*, 393 U.S. 1105, 89 S.Ct. 908 (1969).

A.      **Time of Disclosure.**

22.     Effective preparation for trial is the cornerstone of effective representation of criminal defendants and disclosure of information which, in any of a variety of ways, impeaches the witness' credibility is consequently required <u>before</u> trial in order to enable effective preparation.  As the Court in *United States v. Pollack* pointed out:

> Disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pre-trial disclosure.  [Citations omitted].

*United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976).

23.     The need for pre-trial disclosure of *Brady* material has been highlighted in several cases.  In *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993), irreconcilable discrepancies between the informer's actual record and government representations about the prior record indicated the informer had misled his government handlers.  The court vacated the conviction and remanded for an evidentiary hearing "to restore the parties" to their "pre-trial" position and to ascertain whether the informer had lied to the government.  989 F.2d at 336-337.  *See also, United States v. Bejasa*, 904 F.2d 137, 140 (2d Cir. 1990), *cert. denied*, 498 U.S. 921, 111 S.Ct. 299 (1990) (a government file which contained impeachment material regarding a prosecution witness should have been produced "prior to" the witness' testimony); *Gorham v. Wainwright*, 588 F.2d 178 (5th Cir. 1979) (under certain circumstances, delayed revelation of discoverable evidence may deny a defendant an effective defense); *United States v. Opager*, 589 F.2d 799 (5th Cir. 1979) (harm was done by the pre-trial failure of the government to disclose the whereabouts of the informant; crucial importance was given to pretrial opportunity to interview and/or investigate potential witness); *Grant v. Alldredge,* 498 F.2d 376, 381-382, n.5 (2d Cir. 1974) (failure of government to disclose before trial that bank teller picked out photograph of another individual was error); *United States v. Baxter, et al.,* 492 F.2d 150 (9th Cir. 1973), *cert. denied*, 416 U.S. 940, 94 S.Ct. 1945 (1974) (delay in turning over requested favorable evidence is unconstitutional when delay in disclosure substantially prejudiced the preparation of the defense); *Clay v. Black*, 479 F.2d 319 (6th Cir. 1973) (per curiam) (pre-trial disclosure of an FBI scientific report would have permitted defense to establish necessary claim of custody to introduce certain blood stains); *United States v. Polisi*, 416 F.2d 573 (2d Cir. 1969) (the importance of *Brady* is to measure the effects of the suppression upon the defendant's preparation for trial); and *Hamric v.*

*Bailey*, 386 F.2d 390 (4th Cir. 1967) (to be effective, disclosure must be made at a time when disclosure would be of value to the accused).

24.     The due process requirements of disclosure are reinforced by a federal court's supervisory powers.  In this federal prosecution, this Court can ensure that justice is administered properly in the federal courts by requiring immediate disclosure of the information sought, including impeachment materials.

25.     Counsel specifically reserves the right to make additional requests for the material covered above at the time this motion is argued, or at such other time as the existence of such materials shall become known to counsel for the defendant, and it is respectfully requested that the prosecution be admonished that its duty under *Brady/Giglio* is a continuing one.

**III**

**MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO**
**RULES 404(b), 608 AND 609 OF THE FEDERAL RULES OF EVIDENCE**

26.     Pursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Mr. Maisonet respectfully requests that the government notify him of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence.

27.     The defense also requests pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility if he should choose to testify. In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine

15

the admissibility of such evidence.

28.     The defense should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By so notifying the defense in advance of trial, the defendant can file appropriate motion(s) *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

29.     The defense requests discovery of all information pertaining to the character and/or conduct that may be used to impeach any witness the government intends to call.

30.     The pretrial determination of the admissibility of this evidence question will serve to ensure the smooth operation of the trial, eliminate possible extraneous objections and assist both the government and defense counsel in the presentation of evidence.


## IV

### MOTION FOR PRESERVATION OF ROUGH NOTES
### AND OTHER EVIDENCE

31.     Mr. Maisonet moves for an order of this Court requiring all government agents and officers who participated in the investigation of the defendants in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records.

32.     This motion is made so the trial court can determine whether disclosure of the notes is required under *Brady*, *Agurs*, *Giglio* and/or the Jencks Act (18 USC §3500) or the Fifth and/or

Sixth Amendments of the United States Constitution.

33.     Mr. Maisonet also requests an order of this Court requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of the defendants.


# V

## SUPPRESSION MOTIONS

### MOTION FOR SUPPRESSION OF GUN AND ANY ADMISSIONS CONCERNING THE GUN

34.     On or about February 22, 2022, Mr. Maisonet was a passenger in a 2014 Chrysler 300 in Jamestown, NY, which was being driven by Mr. Maisonet's sister Raven Medina.   The vehicle was pulled over by Jamestown Police (JPD) for an alleged traffic infraction.

35.     Both the driver and Mr. Maisonet were ordered to exit the vehicle by JPD officers and both complied with JPD's order.   Both people were subject to a search of their person.

36.     JPD officers then proceeded to search the vehicle without a warrant or probable cause to conduct a search.   As a result of the search, a Glock .40 caliber gun was located within the center console, inside of a purse.

37.     Mr. Maisonet was arrested and charged with possession of the gun by JPD. Upon information and belief, these charges were dismissed in Jamestown City Court due to the illegal search of the vehicle.

38.     Mr. Maisonet was subsequently indicted in US District Court for the Western

17

District of New York and charged in two counts in the indictment concerning the same weapon: possession of a gun and possession of an unregistered gun.

39.     The gun referred to in these counts should be suppressed in this matter due to the illegal search of the automobile and seizure of the gun, in violation of the Fourth Amendment, all of which occurred on Feb. 22, 2022.

40.     Upon information and belief, Mr. Maisonet was interviewed by law enforcement on or about January 31, 2023.   He was asked about the ownership of the gun that was illegally recovered from the vehicle by JPD on Feb. 22, 2022.  Upon information and belief, he was also advised that if he didn't admit to ownership, his sister would be charged with the gun.   Mr. Maisonet then admitted to possession of the gun.

41.     That said statement should be suppressed as involuntary and given under duress. Additionally, it should be suppressed because it was wholly based upon and derived from the illegal seizure of evidence from the vehicle search of February 22, 2022.

### MOTION FOR SUPPRESSION of ITEMS SEIZED FROM 116 PARK ST. PURSUANT TO SEARCH WARRANT

42.     Mr. Maisonet has requested further discovery with respect to a search warrant known to have been issued by Jamestown City Court on or about January 25, 2023 and executed on January 30, 2023 at Mr. Maisonet's residence at 116 Park St. (upper apartment), Jamestown, NY.  To date, he has received only a copy of the search warrant, but none of the supporting documentation, including but not limited to the underlying affidavit in support of the search warrant.

18

43.     Upon information and belief, as a result of the search, cocaine and money were recovered from Mr. Maisonet's residence and the government seeks to use as evidence in the pending case against Mr. Maisonet.

44.     Without review of the additional documentation the defense is unable to assess whether the warrant was properly issued and executed, and if the alleged evidence obtained during the course of the search was properly obtained or obtained in contravention of Mr. Maisonet's constitutional rights.

45.     Mr. Maisonet reserves his right to make further application for a suppression hearing following the receipt of the search warrant affidavit and related information requested.

## VI

### MOTION FOR LEAVE TO MAKE FURTHER MOTIONS AND TO SUPPLEMENT THESE MOTIONS

46.     Your declarant reserves his right to file any other motions which may be necessary under the circumstances of this case.

WHEREFORE, your declarant prays that this Court rule accordingly.

Buffalo, New York
February 17, 2024

*s/Judith M. Kubiniec*

_____

19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK_____

_____

UNITED STATES OF AMERICA

v.                                        23-CR-112

JAMERE MAISONET,

*Defendant.*

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024 I electronically filed the foregoing on behalf of the interested parties with the Clerk of the District Court using the CM/ECF system.

I hereby certify that a copy of the foregoing was also delivered to the following using the CM/ECF System.

Pierre Richard Antoine, Esq.
ASSISTANT UNITED STATES ATTORNEY
138 Delaware Avenue
Buffalo, New York 14202

DATED:       Buffalo, New York
             February 20, 2024

                              */s/Judith M. Kubiniec_____*
                              JUDITH M. KUBINIEC, ESQ.

20