IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                        23-CR-112-JLS

JAMERE MAISONET,

                Defendant.

UNITED STATES DISTRICT COURT
FILED
APR 1 8 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## PLEA AGREEMENT

The defendant, JAMERE MAISONET, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Counts 2 and 3 of the Indictment, which charge:

a.    in Count 2, a violation of Title 18, United States Code, Section 922(o)(1) (possession of a machinegun) for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years; and,

b.    in Count 3, a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine), for which the maximum possible sentence is a

1

term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life.

     c.     The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

     2.     The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

     3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release.

## II.    ELEMENTS AND FACTUAL BASIS

     4.     The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 2 – 18 U.S.C. § 922(o)(1)

a.     that the defendant possessed a machine gun;

b.     that the defendant knew he possessed a machinegun or was aware of the firearm's essential characteristics that made it a machinegun.

### Count 3 – 21 U.S.C. § 841(a)(1)

a.    that the defendant possessed a controlled substance;

b.    that the defendant knew that he possessed a controlled substance; and,

c.    that the defendant intended to distribute the controlled substance.

### FACTUAL BASIS

5.    The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

a.    On February 14, 2022, in the Western District of New York, the defendant, JAMERE MAISONET, unlawfully possessed a machinegun,s namely, a Glock, Model 23 Gen3, .40 caliber pistol, bearing serial number BTET684, and bearing a machinegun conversion device. Additionally, on or about January 30, 2023, in the Western District of New York, the defendant knowingly and intentionally possessed with the intent to distribute, and distributed, cocaine, a Schedule II controlled substance.

b.    In particular, on February 22, 2022, Jamestown Police Department ("JPD") officers observed the defendant seated in the passenger seat of a 2014 Chrysler 300, which was operating on a public roadway. JPD officers observed the driver of the vehicle commit a traffic infraction and pulled the vehicle over. Neither the driver nor the defendant had a valid driver's license. The officers observed the driver and the defendant making excessive furtive movements and ordered them both out of the vehicle for a safety check. Pursuant to a search of the vehicle, JPD officers recovered inside a purse one (1) Glock, Model 23 Gen3, .40 caliber pistol, bearing serial number BTET684, and bearing a machinegun conversion device, which was loaded with one (1) round in the chamber and thirteen (13) rounds in the magazine.

c.    Subsequent analysis of the firearm at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Forensic Laboratory confirmed the firearm contained a machinegun conversion device, commonly referred to as a "Glock Chip," installed in place of the slide cover plate, which allowed the firearm to function as a machinegun.

d.    On January 21, 2023, the defendant provided a statement to law enforcement and admitted to possession of the machinegun on February

22, 2022. The defendant stated in sum and substance that he purchased the weapon for $1,000.00 U.S. currency and that the firearm was equipped with the Glock Chip at the time of purchase.

e.  Additionally, beginning in or about January 2023, the Jamestown Metro Drug Task Force ("JMDTF") initiated an investigation into the defendant's drug trafficking activities.   During the course of the investigation, law enforcement conducted two (2) controlled purchase of controlled substances from the defendant using a confidential source ("CS"). The investigation culminated with a search warrant execution at the defendant's residence at 116 Park Street (upper), Jamestown, New York, and the defendant's arrest on January 30, 2023.

f.  On January 18, 2023, in Jamestown, New York, law enforcement, using a CS, conducted a controlled purchase from the defendant and obtained an amount of suspected methamphetamine in exchange for $250.00 U.S. currency in Official Agency Funds ("OAF").  A subsequent Detectachem field analysis of the controlled substance confirmed the defendant distributed methamphetamine, a Schedule II controlled substance.

g.  On January 23, 2023, in Jamestown, New York, law enforcement, using a CS, conducted a controlled purchase from the defendant and obtained an amount of suspected cocaine in exchange for $150.00 U.S. currency in OAF funds.  A subsequent Detectachem field analysis of the controlled substance confirmed the defendant distributed cocaine, a Schedule II controlled substance.

h.  On January 25, 2023, the JMDTF received judicial authorization from the Jamestown City Court to execute a search warrant on the defendant's person and residence, that is, 116 Park Street (upper) Jamestown, New York.   On January 30, 2023, law enforcement executed the warrant at the residence as well as the defendant's person. Law enforcement recovered packaging material, $4,721.00 U.S. currency, and suspected cocaine.   Subsequent analysis at the Erie County Central Police Services Forensic laboratory confirmed the defendant possessed 498.9 grams of cocaine. The defendant admits the $4,721.00 is proceeds obtained through drug trafficking.

i.  At approximately $100 per gram of cocaine, the recovered $4,721.00 in U.S. currency is the equivalent of approximately 47.2 grams of cocaine.

j.  Converting the cocaine and U.S. currency to converted drug weight, the equivalent of at least 100 kilograms but less than 400 kilograms of converted drug weight is the amount involved in the defendant's

relevant conduct encompassed in the Indictment which could be readily proven by the government against the defendant.

### III.   SENTENCING GUIDELINES

6.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.      The government and the defendant agree that under Guidelines §§ 3D1.2(c) and 3D1.3(a), Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offenses of conviction and provide for a base offense level of **24**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G CHAPTER 2 ADJUSTMENT

8.      The government and the defendant agree that the following specific offense characteristics apply:

   a.      The two-level increase pursuant to Guidelines §2D1.1(b)(12) (maintaining a drug-involved premises)

### ADJUSTED OFFENSE LEVEL

9.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is **26**.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward departure adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **23**.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of **23** and criminal history category of **I**, the defendant's sentencing range for the offenses of conviction would be a term of imprisonment of **46 to 57 months**, a fine of **$20,000 to $1,000,000**, and a period of supervised release of **3 years**. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

13.    The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.   The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

15.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

16.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.   This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.   REMOVAL

17.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

18.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and,

e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19.     At sentencing, the government will move to dismiss the remaining counts of the Indictment as against the defendant.

20.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

21.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **46 to 57 months**, a fine of **$20,000** to **$1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **46 to 57 months**,

a fine of **$20,000** to **$1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

### Firearm and Ammunition

24.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following, seized by law enforcement on February 22, 2022, in Jamestown, New York:

a.     One (1) Glock, Model 23 Gen3, .40 caliber pistol, bearing serial number BTET684, and bearing a machinegun conversion device; and

b.     14 rounds of .40 caliber ammunition.

25.     After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of

the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

26.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the firearm and ammunition.  The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

27.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time

restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above-referenced firearm and ammunition.

### Abandonment of Seized Currency

28.     The defendant agrees to voluntarily abandon the currency seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim. The defendant specifically agrees to voluntarily abandonment of the following currency:

      a.    The sum of $4,721.00 in U.S. currency, seized at 116 Park Street, Upper, Jamestown, New York  seized by law enforcement on or about January 30, 2023.

29.     The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title and interest in the property and agrees not to contest the vesting of title in the government. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the currency and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property and/or disposition of the currency pursuant to the protocols of the Jamestown Police Department.

30.     The defendant agrees that the currency is subject to abandonment and agrees to waive all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the abandonment of the currency.

31.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture and disposition of the firearm, ammunition and currency survives and shall be given full force and effect. The failure of the defendant to forfeit and/or abandon any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

## IX.     TOTAL AGREEMENT AND AFFIRMATIONS

32.     This plea agreement represents the total agreement between the defendant, JAMERE MAISONET, and the government.  There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


TRINI E. ROSS
United States Attorney
Western District of New York

BY:     _____
PIERRE RICHARD ANTOINE
Assistant United States Attorney

Dated:  April 18, 2024


13

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Judith M. Kubiniec, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I sign this agreement voluntarily and of my own free will.

JAMERE MAISONET
Defendant

Dated:  April 18, 2024

JUDITH M. KUBINIEC
Attorney for the Defendant

Dated:  April 18, 2024